IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OTTO GRAHAM, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:12-cv-963 |
| DYNAMIC RECOVERY SERVICES, INC., | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, OTTO GRAHAM, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, DYNAMIC RECOVERY SERVICES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Ironton, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Texas, which is licensed to do business in Ohio and which has its principal place of business in Farmers Branch, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about September of 2012 in attempts to collect the aforementioned alleged debt.

9. On or about September 14, 2012, Defendant's agent, representative and/or employee also placed a telephone call to the grandson of Plaintiff's recently deceased fiancée (hereinafter "grandson") in a further attempt to collect the alleged debt. During the call, Defendant's agent, representative and/or employee identified the name of the Defendant without having been requested to do so by the grandson. In addition, Defendant's agent, representative

2

and/or employee disclosed to the grandson that they were attempting to collect an alleged debt from Plaintiff.

10. Defendant's agents, representatives and/or employees had no reason to place a telephone call to the grandson of Plaintiff's deceased fiancée, as Defendant already was in possession of valid contact information for the Plaintiff himself.

11. Defendant's agents, representatives and/or employees would often place telephone calls to Plaintiff on a daily basis, sometimes calling Plaintiff as many as two times per day.

12. In telephone communications with Plaintiff, Defendant's agents, representatives and/or employees falsely represented that Plaintiff had been subject to a 2006 lawsuit initiated by Defendant in an attempt to collect the alleged debt.

13. Defendant's agents, representatives and/or employees also used threatening and abusive language when speaking with Plaintiff, including threatening to take Plaintiff's automobiles and other property to collect the alleged debt if Plaintiff did not pay the alleged debt. Defendant did not intend to take Plaintiff's automobiles or other property when said threats were made.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

d. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

e. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

f. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

g. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

h. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

i. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

4

    j.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, OTTO GRAHAM, respectfully prays for a judgment against Defendant as follows:

    a.  Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

18. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

19. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

20. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

21. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

22. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, OTTO GRAHAM, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (0071239)
David B. Levin (0059340)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com